# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**EVA L. HOFFMAN**
    **Plaintiff,**

    v.                                               **Case No. 10-C-1152**

**MICHAEL J. ASTRUE**
**Commissioner of the Social Security Administration**
    **Defendant.**

## ORDER

On July 27, 2011, I remanded the ALJ's decision in this case pursuant to 42 U.S.C. § 405(g), sentence four, and the clerk entered judgment in plaintiff's favor. On October 21, 2011, plaintiff filed a motion for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Commissioner has not responded to the motion, and the time for doing so has passed.

The EAJA provides for attorney's fees to a "prevailing party" in a civil action against the United States where the government's position was not "substantially justified" and no "special circumstances" would make an award unjust. 28 U.S.C. § 2412(d)(1). Because I remanded this matter pursuant to § 405(g), sentence four, ordering judgment in her favor, plaintiff is a prevailing party. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993). The Commissioner bears the burden of showing that the government's position was substantially justified or that special circumstances would make an award unjust, see Wirth v. Barnhart, 325 F. Supp. 2d 911, 913 (E.D. Wis. 2004), and he has made no effort to do so in this case. Based on this and the entire

1

record, I find that plaintiff is entitled to an award. Further, on review of plaintiff's motion and supporting materials, I find the amount of the request reasonable, both in terms of the number of hours and the rate requested. See, e.g., Lechner v. Barnhart, 330 F. Supp. 2d 1005, 1011 (E.D. Wis. 2004).

**THEREFORE, IT IS ORDERED** that plaintiff's motion for an award of attorney's fees (R. 21) is **GRANTED** in the amount of $6347.01. Plaintiff has assigned the award to her attorney, Lynn Zuehlsdorf-Mack. After the agency has complied with its procedures for determining any debts owed by plaintiff, see Astrue v. Ratliff, 130 S. Ct. 2521 (2010), and assuming that plaintiff owes no debts that may be prior to what she owes her lawyer, defendant should make the check for EAJA fees payable to Attorney Zuehlsdorf-Mack pursuant to the assignment, see Mathews-Sheets v. Astrue, 653 F.3d 560, 565-66 (7th Cir. 2011). If there is debt plaintiff owes the government prior to what she owes her attorney, the remaining amount due for EAJA Fees should be made payable to plaintiff but sent to her attorney's office.

Dated at Milwaukee, Wisconsin, this 30th day of November, 2011.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge